The opinion of the court on the original hearing was delivered by DeBlanc, J., and on the rehearing by Spencer, J.
DeBlanc, J.
In 1867, on the thirteenth of August, Louis Alexander Potier appeared before a notary public, and signed an act in and by which he acknowledged to have sold to Tréville Thibodeau his plantation and some cattle, for the price of five thousand five hundred dollars. He died shortly after, leaving a testament made on the nineteenth *1100 of September 1866, and — by that testament — gave nearly all he owned to the grandchildren of his aforesaid vendee.
In this suit, plaintiffs — as forced heirs of Potier — attack, as being a simulation, the alleged sale of the 13th of August 1867, the only object of which — they charge — was to deprive them of their légitime.
Their action is resisted by defendants on the grounds:
1. That this suit being one in revindication of immovable property could have been brought but by the executor of the last will of Potier, and not by his heirs. In substance and in terms, plaintiffs’ action is one “ en déelaration de simulation,” and that it could have been brought by the executor and forced heirs collectively or by the heirs separately, there can be no doubt.
5 A. 578 ; 6 A. 223, 673; 15 A. 579,700, 641; 5 M. 145 ; 9 M. 351; 2 L. R. 81; 17 L. 118 ; 4 A. 500 ; 20 A. 209.
2. That plaintiffs are the heirs of Potier and can not be heard to allege his turpitude. In that capacity, they here claim — not'merely as the legal representatives of their ancestor, but from the law; and if they were not allowed to prove a simulation perpetrated to deprive them of their légitime, it would not be a difficult task to disinherit them.
15 A. 700 ; 12 A. 759.
3. That plaintiffs’ action is barred by the prescription of five years. If — as contended — the sale from Potier to Thibodeau was a simulation, Thibodeau had — not only no just title to the property apparently transferred, but no title at all, and it is evident that one whose possession springs from and is linked to a simulation to which he is a party, can not acquire by prescription.
The amended answer presented by Flaville Thibodeau was properly rejected by the lower court. In the original one he, as Treville Thibodeau, avers — in the most positive terms — that the act of the 13th of August 1867 evidences a real and valid sale, and — in his proposed amendment — he avers that said act, which has the form of a sale, which he himself continues to call a sale, was meant as a donation inter vivos from Potier to the grandchildren of Treville Thibodeau.
The only question which now remains to be determined is one of fact: is the sale of the 13th of August 1867, from L. A. Potier to Treville Thibodeau, a simulation? That it is a simulation can not be successfully disputed: the pretended vendor did not sell, nor intend to sell, the pretended vendee did not buy and no price was paid: the manifest and avowed purpose of the parties was to accomplish — by that act— more than the deceased ancestor could have accomplished by his last will, and that was to disinherit the plaintiffs.
In only one respect the judgment of the lower court is incorrect and must be amended: the property comprised in the simulated act should *1101 not have been decreed to belong to the heirs of L. A. Potier, but to his succession. The deceased could dispose and — it appears — has disposed of a portion of said property, and those who may have acquired rights under his will should not be concluded.
It is useless to examine the other and many defences suggested by the vigilant ingenuity and marked ability of respondents’ counsel. Those untenable defences have — for upwards of five years — upheld an attempted injustice and delayed the recognition and enforcement of a plain and incontrovertible right. That is long enough.
It is, therefore, ordered, adjudged and decreed that, in so far as it declares “that the property in question is that of the heirs of Louis Alexander Potier,” the judgment of the lower court is reversed.
It is further ordered, adjudged and decreed that the act of sale from Louis Alexander Potier to Tréville Thibodeau, passed before Omer Martin, a notary' public of the parish of St. Martin, on the 13th of August 1867, be and the same is hereby declared simulated and void, and that the-property therein described belongs to the succession of said Potier.
It is further ordered, adjudged and decreed that — as amended — the judgment of the lower court is affirmed; the costs of the appeal to be paid by respondents.